**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| ANTHONY JONES, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | Cv. No. 2:16-cv-02062-JPM-tmp<br>Cr. No. 2:08-cr-20234-JPM-1 |

**ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody ("§ 2255 Motion"), filed by Movant Anthony Jones, Bureau of Prisons register number 22468-076, who is currently incarcerated at the United States Penitentiary in Coleman, Florida. (§ 2255 Mot., *Jones v. United States*, No. 2:16-cv-02062-JPM-tmp (W.D. Tenn.), ECF No. 1.) For the reasons stated below, Jones's § 2255 Motion is GRANTED.

**I.     PROCEDURAL HISTORY**

**A.     Criminal Case Number 08-20234**

On July 30, 2008, a federal grand jury returned a one-count indictment charging that, on or about February 20, 2008, Jones, a convicted felon, knowingly possessed one spent casing of .380 caliber ammunition with head-stamp markings of "WIN" and "380 Auto," in violation of 18 U.S.C. § 922(g). (Indictment, *United States v. Jones*, No. 2:08-cr-20234-JPM-1 (W.D. Tenn.), ECF No. 1.) The factual basis for the charges is stated in the presentence report ("PSR"):

> **The Offense Conduct**
>
> 5.     According to the investigative file, on February 20, 2008, Memphis Police officers responded to a complaint about a robbery to a Memphis residence

at 643 Kent St. Once there, Sharnita Hester told the police that she had met **Anthony Jones** at the Kent St. location in order to discuss buying some furniture. Having dealt with the defendant on some previous occasions, Hester knew the defendant. Alvertis Jones, a cousin of **Anthony Jones**, was also at the house. When **Anthony Jones** arrived and met with Hester in the kitchen, **Anthony Jones** demanded she give him her money. When Hester refused, **Anthony Jones** pulled a small, black automatic pistol on her and again demanded her money and wallet. When Hester still refused, **Anthony Jones** told Alvertis Jones to come pat her down. When Alvertis Jones refused to help **Anthony Jones**, the defendant pushed Alvertis Jones, causing Alvertis Jones to hit his head on the stove. **Anthony Jones** went out and looked in Hester's car, came back into the kitchen, threatened Hester more, and fired a shot over her head. Hester then gave **Anthony Jones** her Kyrocera [sic] mobile phone, $100 in cash, and her car keys. **Anthony Jones** left 643 Kent in Hester's black 1999 Oldsmobile Aurora.

6. Officers recovered a .380 shell casing at the 643 Kent crime scene and observed a bullet hole above the kitchen window. The hole was behind the spot where Hester had been standing. On March 17, 2008, police recovered the victim's Oldsmobile in Memphis. On March 31, 2008, a warrant was issued by Shelby County General Sessions Court for Aggravated Robbery. The defendant was arrested for this by the Memphis Police on April 17, 2008 at 4103 W. Manor Circle #4 in Memphis.

7. Subsequent to the arrest, the .380 shell casing was examined by an agent of the Bureau of Alcohol, Tabacco [sic], Firearms and Explosives, who determined the shell casing to have traveled in interstate and/or foreign commerce. The shell casing had stamped on its head: "WIN" and "380 Auto." Criminal record checks indicated the defendant had prior felony convictions.

(PSR ¶¶ 5-7.)

Pursuant to a written plea agreement, Jones appeared before the Court on January 27, 2010, to plead guilty to Count 1 of the Indictment. (Min. Entry, *United States v. Jones*, No. 2:08-cr-20234-JPM-1 (W.D. Tenn.), ECF No. 41; Plea Agreement, *id.*, ECF No. 45.) At a hearing on April 30, 2010, the Court sentenced Jones as an armed career criminal to a term of imprisonment of 180 months, to be followed by a five-year period of supervised release. (Min.

Entry, *id.*, ECF No. 51.)[1] Judgment was entered the same day. (J. in a Criminal Case, *id.*, ECF No. 53.) Jones did not appeal.

B. **Case Number 16-2062**

On January 28, 2016, Jones filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (§ 2255 Mot., *Jones v. United States*, No. 2:16-cv-02062-JPM-tmp (W.D. Tenn.), ECF No. 1.) Jones argues that his increased sentence under the ACCA is unconstitutional following the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.* at 5.) Jones also argues that the Court erred in applying the career offender guideline. (*Id.*) On January 29, 2016, the Court directed the Government to respond. (Order Directing Gov't to Respond, *Jones v. United States*, No. 2:16-cv-02062-JPM-tmp (W.D. Tenn.), ECF No. 4.) The Government responded on February 24, 2016. (Resp., *id.*, ECF No. 6.)

Counsel for Jones appeared on March 22, 2016 (Notice of Appearance, *id.*, ECF No. 7), and filed a motion to supplement Jones's *pro se* § 2255 Motion (Mot. to Suppl., *id.*, ECF No. 8). On March 23, 2016, the Court granted the motion to supplement and directed the Government to

---

[1] The 2009 edition of the *Guidelines Manual* was used to calculate Jones's sentencing range. (PSR ¶ 11.) Pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for violation of 18 U.S.C. § 922(g) is twenty-four (24) since the defendant committed the instant offense subsequent to sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. (*Id.* ¶ 12.) Jones received a four-level enhancement for possessing the firearm in connection with another offense, aggravated robbery. U.S.S.G. § 2K2.1(b)(6). (*See* PSR ¶ 13.) Jones also received a two-level enhancement because the victim, Sharnita Hester, was physically restrained in the course of the offense. U.S.S.G. § 2B3.1(b)(4)(B). (*See* PSR ¶ 14.) Jones also received a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, resulting in a total offense level of 27. (*See id.* ¶¶ 17, 19.) Given his criminal history category of VI (*id.* ¶ 40), the guideline sentencing range ordinarily would have been 130-162 months. (*2009 Guidelines Manual*, Ch. 5, part A – Sentencing Table.)

Because of his prior convictions for violent felonies, however, Jones was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4. (PSR ¶¶ 18, 40.) Pursuant to U.S.S.G. § 4B1.4(b)(3)(A), the offense level was 34. (*Id.* ¶ 18.) After accounting for Jones's three-level reduction for acceptance of responsibility (*id.* ¶ 19), the total offense level was 31 (*id.* ¶ 20). The guideline sentencing range was 188-235 months. (*Id.* ¶ 72.) Jones was also subject to a mandatory minimum sentence of 15 years, or 180 months, pursuant to 18 U.S.C. § 924(e). (*Id.* ¶¶ 71, 72.)

respond to the supplemental memorandum. (Order Granting Mot. to Suppl., *id.*, ECF No. 8.) The Government responded on March 30, 2016. (Resp. to Suppl. Mem., *id.*, ECF No. 10.)

## II. THE LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

## III. ANALYSIS

Jones asserts that the Supreme Court's ruling in *Johnson v. United States* entitles him to relief under § 2255 because "*Johnson* invalidated [his] prior convictions that enhanced his sentence under the ACCA and [U.S.S.G. §] 4B1.4 'residual clauses.'" (§ 2255 Mot. at 5, *Jones v. United States*, No. 2:16-cv-02062-JPM-tmp (W.D. Tenn.), ECF No. 1.) Jones requests that his sentence be vacated and that he be resentenced without the ACCA enhancement because his two convictions for attempted burglary are not violent felonies after *Johnson*. (§ 2255 Suppl. at 4, *id.*, ECF No. 8-1.) Jones also asserts that he no longer qualifies for the four-level enhancement pursuant to U.S.S.G. § 2K1.2(a)(2) because one of his predicate convictions is an attempted burglary that "relies on the residual clause." (*Id.*) The Government does not oppose

4

the relief sought "if the Supreme Court [holds] . . . that *Johnson* applies retroactively on collateral review in ACCA cases." (Resp. to Suppl. Mem. at 2, *Jones v. United States*, No. 2:16-cv-02062-JPM-dkv (W.D. Tenn.), ECF No. 10.) The Government argues, however, that Jones's claim that his guideline range was miscalculated is premature. (*Id.*) The Government asserts that "[i]f this Court vacates Jones's ACCA sentence and orders resentencing, the parties would be in a better position at that time to address whether criminal attempt aggravated burglary is a crime of violence under the present Sentencing Guidelines." (*Id.*)

A.  *Johnson v. United States*

The ACCA provides that:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

"Violent felony" is defined by the ACCA as a felony "that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

The Supreme Court held in *Johnson* that the residual clause of the ACCA, encompassing all felonies that "involve[] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague and that the application of the residual clause to increase a sentence violated the Due Process Clause. 135 S. Ct. 2551, 2557 (2015). The *Johnson* decision applies only to the residual clause and "does not call into question

application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

The Supreme Court has made *Johnson*'s rule retroactive to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (Apr. 18, 2016) ("*Johnson* is thus a substantive decision and so has retroactive effect . . . .").

### B. Jones's Prior Convictions

The prior convictions used to qualify Jones as an armed career criminal were: (1) a 2004 Tennessee conviction for attempted aggravated burglary (PSR ¶ 33); (2) a 2005 Tennessee conviction for attempted burglary of a building (*id.* ¶ 35); and (3) a 2006 Tennessee conviction for aggravated burglary (*id.* ¶ 36). Attempt to commit aggravated burglary and attempt to commit burglary of a building previously qualified as violent felonies under the residual clause of the ACCA. *See United States v. Bureau*, 52 F.3d 584, 593 (6th Cir. 1995) ("[T]he crime of attempting to commit the felony of burglary under Tennessee law involves conduct that presents a serious potential risk of physical injury to another and falls within the 'otherwise clause' of § 924(e)."). Thus, following the retroactive decision in *Johnson*, Jones's attempt to commit aggravated burglary and attempt to commit burglary of a building convictions are no longer predicate offenses under the ACCA. Jones only has one other prior conviction which qualifies as a predicate under the ACCA and, therefore, is not subject to the ACCA's fifteen-year mandatory minimum sentence.

Because Jones is entitled to relief on the *Johnson* issue raised in his § 2255 Motion, the Court GRANTS the § 2255 Motion. The sentence imposed on April 30, 2010, is VACATED. Accordingly, the Court need not decide whether *Johnson* applies retroactively on collateral

review as to Jones's career offender guidelines enhancement. The Court will consider whether Jones's prior convictions qualify as predicate offenses under the present Sentencing Guidelines.

**IT IS SO ORDERED**, this 4th day of May, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE